[930 NYS2d 511]

In the Matter of DAVID E. FRETZ, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 2011

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 12, 1989, and formerly maintained an office in Williamsville. The Grievance Committee filed a petition charging respondent with acts of misconduct, including engaging in illegal conduct involving deceit and misrepresentation, neglecting client matters, misappropriating client funds, and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, factual issues relating to the charges of misconduct were resolved by stipulation and thus the hearing was held only on the affirmative defenses and matters in mitigation raised by respondent. The Referee has submitted a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm.

The Referee found, based upon the stipulated facts, that respondent was retained in 2004 to represent a couple whose home had been destroyed by a fire in December 2003. Respondent ignored both inquiries from those clients (hereinafter homeowners) and requests made by opposing counsel to schedule depositions required to be conducted pursuant to the terms of the homeowners' insurance policy. In addition, respondent made false statements to the homeowners that the insurer was responsible for the delay and that he had commenced an action against the insurer. He filed an action against the insurer on the last possible date on which to do so pursuant to the terms of the policy, and the action was dismissed when he failed to respond to the insurer's motion to dismiss the action on the ground that the homeowners had not submitted to the required depositions. In response to an inquiry by the homeowners concerning the status of the action, respondent denied that it had been dismissed.

While the action against the insurer was pending, respondent agreed to represent the homeowners in a summary eviction proceeding brought by the mortgagees of the real property. He failed, however, to appear in court on the adjourned date of the hearing in the eviction proceeding, which resulted in the entry of a default judgment evicting the homeowners from the property and awarding money damages to the mortgagees. He later

closed his law office without providing any notice to the home-owners or leaving them with any contact information, and he instead commenced employment with a financial firm.

The homeowners thereafter commenced an action against respondent seeking both compensatory damages for legal malpractice and treble damages for intentional deceit, pursuant to Judiciary Law § 487. Respondent did not contest the malpractice action, and a judgment was entered awarding the homeowners compensatory damages in the amount of $226,000 and punitive damages in the amount of $700,180.82. Respondent failed to appear in response to a subpoena for a judgment debtor examination and failed to respond to an order to show cause brought by the homeowners seeking an order finding him in contempt.

Additionally, the Referee found, based upon the stipulated facts, that between 2005 and 2006 in six other matters, respondent accepted retainer fees from clients, failed to complete the work for which he was retained or to refund in a timely manner the unearned fees or funds entrusted to him for expenses or fees related to those matters, and failed to safeguard or deliver property entrusted to him, all of which resulted in actual or potential harm to his clients. The Referee further found that respondent issued checks drawn against his attorney trust account for payment of personal and office expenses, commingled client funds with personal funds, issued trust account checks made payable to cash or to himself, and failed to keep required bookkeeping records. Finally, the Referee found that respondent failed to cooperate with the investigation conducted by the Grievance Committee.

Respondent raised as affirmative defenses and in mitigation of the misconduct that he began suffering from severe depression in 2005, but ignored advice to seek mental health treatment until 2007; that he did not contest the legal malpractice judgment, including the finding of intentional deceit, because he had been advised by a pro bono attorney to allow the homeowners to obtain a default judgment against him to enable them to recover damages from his malpractice insurer and he was unaware that they were seeking treble damages; and that he did not respond to the subsequent judgment debtor subpoena or order to show cause for contempt because he mistakenly believed that an agreement had been reached with the homeowners pursuant to which the default judgment would not be executed against respondent in his individual capacity.

The Referee found that respondent failed to demonstrate that he was suffering from depression at the time the misconduct occurred and noted that respondent was able to attend properly to other client matters during the same time period and to make a career change. Additionally, the Referee found that, although respondent was advised to allow a default judgment to be entered in the malpractice action, he was never advised to ignore a subpoena or an order to show cause for contempt.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness and fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify promptly a client of the receipt of property in which the client had an interest;

DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2])—failing to place the property of a client in a safe deposit box or other place of safekeeping as soon as practicable upon receipt;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of the property of a client coming into his possession and to render appropriate accounts to the client regarding that property;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to a client as requested by the client the property in his possession that the client is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9])—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, special accounts, ledger books and in any other books of account kept by him in the regular course of his practice; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

In determining an appropriate sanction, we have considered respondent's previously unblemished record during his 22 years of practicing law and his expression of remorse. Respondent, however, has committed serious misconduct that caused harm to his clients. In particular, we have considered that respondent's neglect of the fire insurance matter and his deceit in trying to conceal that neglect deprived the homeowners of an opportunity to retain new counsel who could have acted in a timely manner to preserve their claim for damages. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years and until further order of the Court.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of suspension entered.